# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHARLES E. CARTHAGE, JR., <br><br> Plaintiff, <br><br> v. <br><br> CPT. LARRY MALCOMSON, LT. PHIL STEFFEN, LT. DAVE POTEAT, MIKE HORST, DYLAN RADTKE, JIM SCHWOCHERT, MARC CLEMENTS, WILLIAM POLLARD, and JOHN and JANE DOE, <br><br> Defendants. | Case No. 16-CV-326-JPS <br><br><br><br> **ORDER** |

Plaintiff, who is incarcerated at Dodge Correctional Institution ("Dodge"), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). Plaintiff's original complaint was dismissed on screening, but based on the allegations in his amended complaint, he was permitted to proceed on a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against certain defendants. (Docket #14). Plaintiff recently filed a second amended complaint (Docket #26), and the Court must now screen that complaint. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). The same

standards that applied in the first screening order apply here as well. *See* (Docket #9 at 1–3).

Plaintiff alleges that he was arrested and jailed at the Brown County Jail in February 2013. (Docket #26 at 2). In or around March 2013, Defendants Cpt. Malcomson ("Malcomson"), Lt. Phil Steffen ("Steffen"), Lt. Dave Poteat ("Poteat"), and Mike Horst ("Horst"), provided inadequate treatment for his medical needs, including complaining about the time and expense required to transport Plaintiff to dialysis treatment and ultimately causing Plaintiff to be taken off of a kidney transplant waiting list. *Id.* at 2–3. The Court gathers that the officers' complaints about caring for Plaintiff led to a petition to a Brown County Circuit Court judge to move Plaintiff to a state prison, where his care might be more easily provided. *See id.* There were also allegations that Plaintiff represented an escape risk, making it difficult for Jail officials to transport him to medical appointments. *Id.* The court petition was granted and Plaintiff was transferred to Dodge. *Id.* at 3. Plaintiff believes that this was unlawful because he was a pretrial detainee, not a convicted prisoner. *Id.* He was held at Dodge until April 22, 2014. *Id.*

Plaintiff alleges that he received further mistreatment while housed at Dodge. *Id.* For instance, he was wrongfully treated as a high security or escape risk, which entailed Plaintiff being excessively shackled and restrained with electrical shock monitors while being transported to medical appointments. *Id.* at 3–5. He also claims that several guards, named here as John and Jane Doe, harassed and ridiculed him, though for reasons he does not explain. *Id.* Further, Plaintiff alleges that he was subjected to baseless lockdowns and denied access to the law library. *Id.* As for Defendants Dylan

Radtke ("Radtke"), Jim Schwochert ("Schwochert"), William Pollard ("Pollard"), and Marc Clements ("Clements"), all identified as current or former wardens or security directors at Dodge, Plaintiff does not allege that any of them engaged in any specific conduct alleged in the second amended complaint. *See id.* at 3. Instead, Plaintiff claims that each had personal knowledge of Plaintiff's mistreatment and, ostensibly, did not act to correct it. *See id.*

The Court has already instructed Plaintiff that he may proceed on a claim against Defendants Malcomson, Steffen, Poteat, and Horst for alleged medical mistreatment while housed at the Brown County Jail. (Docket #14 at 2–3). That claim, which is restated in the second amended complaint, will again be permitted to proceed.

However, the Court cannot permit Plaintiff to proceed on any of the other claims he identifies against these defendants, nor on the litany of allegations about the conditions of confinement at Dodge. First, as to his claim that his transfer from Brown County Jail to Dodge Correctional Institution was wrongful because he was a pretrial detainee, his detainee status alone did not deprive prison officials of the ability to transfer him. *Allison v. Snyder*, 332 F.3d 1076, 1079 (7th Cir. 2003) (holding that confining civil detainees in a prison did not itself constitute punishment). Plaintiff does not contend that he was subjected to anything other than the ordinary conditions of confinement at Dodge (which include restrictions placed on escape-risk detainees in appropriate circumstances), and so his constitutional rights were not offended. *Id.*; *Stevenson v. Carroll*, 495 F.3d 62, 70 (3d Cir. 2007) (due-process rights implicated only when a detainee is transferred into

more restrictive housing). Moreover, though Plaintiff challenges the reasons for his transfer, which were to provide better medical care and control his escape risk, the transfer petition was considered and granted by a Brown County Circuit Court judge. Because the judge enjoys immunity from a claim that he or she wrongfully granted the petition, Plaintiff cannot proceed on this claim. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Thus, the only claim that can proceed against the Brown County Jail defendants is the claim related to Plaintiff's medical care.

Second, Plaintiff cannot proceed in this action against any official working at Dodge. In its prior screening order, the Court warned Plaintiff that the Dodge-related claims must be brought "in a *separate* legal action against the individuals personally involved[.]" (Docket #14 at 3) (emphasis added). This result is required by the joinder rules of the Federal Rules of Civil Procedure. Rule 18 permits a plaintiff to bring in one lawsuit every claim he has against a single defendant. Fed. R. Civ. P. 18(a). However, to join multiple defendants in a single action, Rule 20 requires that the plaintiff assert at least one claim against all of them "arising out of the same transaction, occurrence, or series of transactions or occurrences" and that "any question of law or fact common to all defendants will arise in the action." *Id.* 20(a)(2). Working together, these two rules mean that "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Consequently, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant

2." *George,* 507 F.3d at 607. Rule 20 applies as much to cases brought by prisoners as it does to any other case. *Id.*

Allowing Plaintiff to join his claims against officials at Dodge to the claims against Brown County Jail officers would violate Rules 18 and 20. The claims against Dodge officials share no operative facts or legal standards with the claims against the officers at Brown County Jail. Nor do they arise from the same "transaction" or "occurrence" as contemplated by the Rules. There must be some common thread tying all the asserted claims together, but here it is obvious that Plaintiff's alleged mistreatment at Brown County Jail was perpetrated by different people, at different times, and in different ways from whatever occurred later during his incarceration at Dodge. Thus, the Court must dismiss the claims against Radtke, Schwochert, Clements, Pollard, and John and Jane Doe.

For the reasons stated above, Plaintiff will be permitted to proceed only on a claim of deliberate indifference to his serious medical needs, in violation of the Fourteenth and Eighth Amendments, against Defendants Malcomson, Steffen, Poteat, and Horst, arising from medical care provided to him while incarcerated at the Brown County Jail.

Accordingly,

**IT IS ORDERED** that Plaintiff's second amended complaint (Docket #26) shall be the operative complaint in this case;

**IT IS FURTHER ORDERED** that Defendants Radtke, Schwochert, Clements, Pollard, and John and Jane Doe be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the remaining Defendants, Malcomson, Steffen, Poteat, and Horst, shall file a responsive pleading to the second amended complaint; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge