# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHARLES E. CARTHAGE, JR., <br><br> Plaintiff, <br> v. <br><br> LARRY MALCOMSON, PHIL STEFFEN, DAVE POTEAT, and MIKE HORST, <br><br> Defendants. | Case No. 16-CV-326-JPS <br><br><br> **ORDER** |

Plaintiff Charles E. Carthage, Jr. ("Carthage"), a prisoner, brings this action pursuant to 42 U.S.C. § 1983 against Defendants, correctional officers at the Brown County Jail and Brown County sheriff's deputies, alleging inadequate treatment of his medical needs. (Docket #26, #28). Defendants filed a motion for summary judgment on September 1, 2017, arguing in part that Carthage failed to exhaust his administrative remedies before filing suit. (Docket #38). The motion has been fully briefed, and for the reasons stated below, it will be granted.[1]

**1. STANDARD OF REVIEW**

    **1.1 Summary Judgment**

Federal Rule of Civil Procedure 56 provides that the court "shall

---

[1] Defendants also sought summary judgment on the alternative ground that none of them was deliberately indifferent to Carthage's medical needs. (Docket #39 at 8–15). Because a defense of failure to exhaust administrative remedies must be addressed before proceeding to the merits of a case, *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999), and because failure to exhaust provides sufficient ground for dismissal of this case, the Court will not address any merits-related issues.

grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

### 1.2 Exhaustion of Prisoner Administrative Remedies

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require," and he must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Several important policy goals animate the exhaustion requirement, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001).

Failure to exhaust administrative remedies is an affirmative defense to be proven by Defendants. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

In early 2013, during the events relevant to this case, the Brown County Jail maintained a policy for inmate grievances. (Docket #41-1). At the Jail, an inmate wishing to air a grievance must file his complaint on an inmate grievance form within forty-eight hours of the incident. *Id.* at 2, 6–7. Grievances filed beyond the 48-hour time limit may be honored if the inmate can show good cause for the delay. *Id.* Once the grievance is filed and addressed, the inmate must then appeal any adverse disposition of the grievance to higher level Jail officials in order to achieve exhaustion. *See id.* at 4–5.

## 2. RELEVANT FACTS

### 2.1 Carthage's Failure to Dispute the Material Facts

The relevant facts are undisputed because Carthage did not properly dispute them. In the Court's scheduling order, issued March 7, 2017, Carthage was warned about the requirements for opposing a motion for summary judgment. (Docket #23 at 2–3). Accompanying that order were copies of Federal Rule of Civil Procedure 56 and Civil Local Rule 56, both of which describe in detail the form and contents of a proper summary judgment submission. Most relevant here is Local Rule 56(b)(2), which obligates the non-movant on summary judgment to file "a concise response to the moving party's statement of facts that must contain a reproduction of each numbered paragraph in the moving party's statement of facts followed by a response to each paragraph, including, in the case of any disagreement, specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon[.]" Civ. L. R. 56(b)(2)(B)(i).

Next, on September 1, 2017, Defendants filed their motion for summary judgment. (Docket #38). In the motion, Defendants also warned Carthage about the requirements for his response as set forth in Federal and Local Rules 56. *Id.* at 1. Copies of those Rules were provided in Defendants' motion. *See id.* at 2–8. In connection with their motion, Defendants filed a supporting statement of material facts that complied with the applicable procedural rules. (Docket #40). It contained short, numbered paragraphs concisely stating those facts which Defendants proposed to be beyond dispute, with supporting citations to the attached evidentiary materials. *See id.*

Despite being twice warned of the strictures of summary judgment procedure, Carthage ignored those rules by failing to dispute Defendants' proffered facts in any coherent fashion. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Instead, Carthage's entire response to Defendants' summary-judgment submission was a six-page affidavit. (Docket #48). Most of Carthage's averments have nothing to do with exhaustion but instead touch upon the merits of his claims. *See id.* ¶¶ 1–23. Of course, exhaustion of administrative remedies is not at all dependent on whether the prisoner's claims have merit.

Moreover, to the extent that Carthage included a few statements concerning his efforts to exhaust his administrative remedies, *see id.* ¶ 24, he nevertheless failed to abide by the Court's rules and submit a response to Defendants' statement of material facts accompanied by citations to admissible evidence showing that he in fact complied with the exhaustion requirement, *See* Civ. L. R. 56(b)(2)(B)(i). Further, his vague assertion that he "filed multiple grievances to virtually every person and possible entity I could think of," including Jail officials, Wisconsin senators, the Wisconsin

governor, and staff at the Dodge Correctional Institution (to which he was later transferred), (Docket #48 ¶ 24), fails to demonstrate that he filed a timely grievance at the Brown County Jail in conformity with the Jail's grievance procedures and that he appealed any adverse determination to the appropriate official. Tellingly, he does not attach any of his purported grievances to the affidavit.

Though the Court is required to liberally construe a *pro se* plaintiff's filings, it cannot act as his lawyer, and it cannot delve through the record to find favorable evidence for him. *Herman v. City of Chicago*, 870 F.2d 400, 404 (7th Cir. 1989) ("A district court need not scour the record to make the case of a party who does nothing."). Thus, the Court will, unless otherwise stated, deem Defendants' facts undisputed for purposes of deciding their motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).

### 2.2 Carthage's Claims and Failure to File Any Grievances

Carthage was arrested and jailed at the Brown County Jail in February 2013 for several drug-related offenses. In or around March 2013, Defendants, two of whom are correctional officers at the Jail and two of whom are employed with the Brown County Sheriff's drug task force, allegedly provided inadequate treatment for his medical needs, including complaining about the time and expense required to transport Carthage to dialysis treatment, falsely accusing him of being an escape risk, and ultimately causing Carthage to be transferred to Dodge Correctional Institution in March 2013. However, it is undisputed that Carthage did not file any grievances in 2013 at the Jail regarding his health care, medical treatment, or any other issue—or, at a minimum, that whatever written

complaints Carthage made to Jail officials were not submitted in conformity with the Jail's grievance policy and not appealed to the appropriate reviewing official.

3. **ANALYSIS**

The undisputed facts demonstrate that Carthage has not exhausted his administrative remedies with respect to his claims in this case. Whatever he may believe about his efforts to complain about his situation at the Jail, Carthage did not timely file grievances or appeals in the manner the Jail prescribed. *Pozo*, 286 F.3d at 1025 ("Prisoner[s] must file complaints and appeals in the place, and at the time, the prison's administrative rules require."). Again, while Carthage says he filed "multiple grievances to virtually every person and possible entity [he] could think of, including BCJ, DCI, various departments and offices (i.e. Security Directors, Sheriff, Warden), as well as Wisconsin Senators and the Governor," he has not proffered any evidence that he filed a timely, proper grievance. (Docket #48 ¶ 24).

At best, it appears he "regularly complained about this in March of 2013," and that he "attempted on several occasions to verbally report the abuse (to the Officer at the desk, for example). . . ." *Id.* However, grieving to various officials and verbally airing complaints to an unidentified person at a desk is not the equivalent of submitting a formal inmate grievance in accordance with the Jail grievance policy. Thus, even if the Court considered Carthage's averments—which it cannot, as they are procedurally deficient, *see supra* Part 2.1—it remains undisputed that Carthage did not file any grievances that were compliant with the Brown County Jail policy.

Moreover, to the extent Carthage may blame this failure on the tumult caused by his transfer to Dodge Correctional Institution, the Court is unsympathetic. It is beyond dispute that Carthage was housed at the Jail for an ample period in which he could have timely filed a grievance. Consequently, the Court must conclude that Carthage has not exhausted his administrative remedies, and his case must be dismissed.

**4. CONCLUSION**

Carthage did not properly challenge the facts Defendants proffered. Viewing those undisputed facts in the light most favorable to him, the Court is obliged to conclude that his claims are unexhausted and must be dismissed. This action will, therefore, be dismissed in its entirety without prejudice.[2]

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (Docket #38) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of October, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

---

[2] Although it appears unlikely that Carthage will be able to complete the grievance process for his unexhausted claims at this late date, dismissals for failure to exhaust are always without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).