# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHARLES E. CARTHAGE, JR.,

          Plaintiff,

v.

LARRY MALCOMSON, PHIL STEFFEN, DAVE POTEAT, and MIKE HORST,

          Defendants.

Case No. 16-CV-326-JPS

**ORDER**

On September 1, 2017, Defendants filed a motion for summary judgment as to all of Plaintiff's claims, arguing that he had not properly exhausted his prison administrative remedies. (Docket #38). Plaintiff responded, but did so in an incoherent fashion that was not in compliance with the federal or local rules of civil procedure governing summary-judgment practice. *See* (Docket #51 at 3–5); Fed. R. Civ. P. 56; Civ. L. R. 56(b)(2). As a result, the Court determined that all of Defendants' proffered facts were undisputed, and on those undisputed facts, the Court was obliged to grant summary judgment to Defendants. *See* (Docket #51 at 5–7).

On November 1, 2017, Plaintiff filed two motions. The first requests reconsideration of the Court's order dismissing his case, and the second requests leave to amend his complaint. (Docket #53, #54). For the reasons stated below, the Court must deny both motions.

First, the Court cannot reconsider its dismissal order on the grounds Plaintiff has identified. In his one-paragraph motion, he contends that the Court misconstrued the nature of his substantive claims in the case. (Docket #53 at 1). He argues that he never meant to complain about his medical treatment at Brown County Jail; instead, he wanted to show that the

officers' statements led to his transfer to Dodge Correctional Institution, which he says violated his due-process rights. *Id.* He then repeats his allegations from his summary-judgment submissions that he wrote "to everyone" about his alleged mistreatment, which he believes constitutes exhaustion of his administrative remedies. *Id.*

Although he cites no authority supporting his motion, two rules allow a court to revisit a final judgment in civil cases. First, Rule 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). The party seeking relief under this Rule must establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), but the movant must first "clearly establish" his right to relief, *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001).

Similarly, Rule 60 allows the Court to vacate a judgment based on, *inter alia*, a mistake, newly discovered evidence, fraud by a party, satisfaction of the judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60 is an "extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). The Court's determination is constrained only by its sound discretion. *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014).

Neither Rule affords Plaintiff any relief here. Plaintiff points to no newly discovered evidence supporting his claim that he exhausted his administrative remedies. Instead, he simply repeats his prior contentions, which the Court has already addressed and rejected. *See* (Docket #51 at 5–

7). Further, he makes no effort to explain his failure to properly respond to Defendants' statement of material facts, which was one of the central reasons his claims failed. *See id.* at 3–5. Finally, although Plaintiff suggests an eleventh-hour amendment to his claims in this case by shifting the focus to his institution transfer, he neglects to realize that this very claim is proceeding in another of Plaintiff's civil actions, *Carthage v. Radtke*, Case No. 17-CV-636-JPS (E.D. Wis.). This action has always been about alleged medical mistreatment at the Brown County Jail, not Plaintiff's transfer. *See* (Docket #28).

Plaintiff's other motion, in which he seeks leave to amend his complaint "to fix whatever the court thinks is wrong with [his] complaint," is also without merit. (Docket #54). The deadline for amending pleadings expired long ago, in April 2017. (Docket #23 at 1). Plaintiff offers no sound reasoning to permit amendment of a complaint post-dismissal. Further, based on the undisputed facts established in connection with Defendants' motion for summary judgment, any amendment of Plaintiff's complaint would be futile; he cannot plead around his own failure to exhaust his administrative remedies. Consequently, that motion must be denied, too. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration of the Court's order of October 18, 2017 (Docket #53) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to amend his complaint (Docket #54) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 7th day of November, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge